### Henry Harrison v. The State.

No. 8134.   Decided May 21, 1924.

Rehearing denied June 11, 1924.

**1.—Manufacturing Intoxicating Liquor.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence sustained the conviction, and the record being without bills of exception the judgment below is affirmed.

2.—Same—Rehearing—Sufficiency of the Evidence—Cross-Examination.

Where appellant complained vigorously of the insufficiency of the testimony in his motion for rehearing and asserted that he made an exculpatory statement was brought out by appellant himself upon dross-exahination, and the State was therefore bound thereby, but the record showed that this statement was brought out by appellant himself upon cross-examination, and the evidence was amply sufficient to sustain the conviction, there is no reversible error.

Appeal from the District Court of San Jacinto. Tried below before the Honorable J. L. Manry.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*M. E. Gates,* for appellant.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of San Jacinto County of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The record is without bills of exception, and it is only argued before us that the facts failed to show guilt. Officers went to appellant's house with a search warrant and found in his kitchen behind the stove a barrel of soured mash and hidden under the floor a used still and in various places a large number of bottles each containing the odor of whisky and some of them a small quantity of it. According to the testimony of one of the officers appellant admitted to him that he had been making whisky with the mash and apparatus found. This seems to fully meet the demands of the law, and believing that it supports the verdict of the jury, an affirmance will be ordered.

*Affirmed.*

ON REHEARING.

June 11, 1924.

LATTIMORE, JUDGE.—Appellant complains vigorously of the insufficiency of the testimony and asserts that he made an exculpatory statement to witness Winters which was brought out by the State, and he claims the State to be bound thereby. Reference to the testimony of witness Winters when recalled discloses that the statement referred to in appellant's motion for rehearing was brought out by appellant himself upon cross-examination. The record shows that the officers who went to appellant's house on the occasion in question found there the raw material in the shape of mash and the equipment in the shape of a recently used still, and some of the finished

product as evidenced by small quantities of whisky in the great number of bottles, jars, etc., that were found in trunks, dresser drawers, washstands and other places in the house. It further shows that appellant denied knowledge of anything until he saw the officers were about to locate the still under the floor when he expressed surprise that some negro had hid a still under his house. One witness testified that from the looks and smell of the still it had been recently used. We quote what another witness testified, as follows:

"The defendant told me it would make whisky; he said he made the beer and then cooked it off and made whisky out of it. He told me that it would make you drunk; he told me that night if you drank enough of that beer it would make you drunk."

We think the testimony sufficient, and the motion for rehearing will be denied.

*Overruled.*